IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

AUG 2 8 2002

Michael N. Milby, Clerk of Court

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, §§§ | |
| Plaintiff, § | CIVIL ACTION NO. H-00-3390 |
| § | |
| V. § | |
| § | JURY TRIAL DEMANDED |
| HOUSTON AREA SHEET METAL JOINT APPRENTICESHIP COMMITTEE §§§ | |
| Defendant. § | |

## CONSENT DECREE

Plaintiff, the United States Equal Employment Opportunity Commission ("Commission") and Defendant, Houston Area Sheet Metal Joint Apprenticeship Committee ("Defendant" or "JAC"), agree to entry of this Consent Decree.

## I.   Background and History of Proceedings

A.    Charging Party Thumas N. Lee ("Charging Party" or "Lee") filed a Charge of Discrimination with the Commission, Charge No. 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, alleging Defendant violated  Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* ("ADA").





B.     On September 28, 2000, after investigating the Charge and finding discrimination, the Commission commenced this action alleging that Defendant's conduct toward Thumas Lee constituted unlawful discrimination on the basis of disability in violation of Section 102 of the ADA.

C.     Defendant denied the allegations of disability discrimination.

D.     While this case was pending before the Court, the JAC filed a Motion for Summary Judgment seeking judgment in its favor.  The Court, by Order entered June 3, 2002, denied Summary Judgment on all grounds sought by the JAC.

E.     The parties wish to avoid the risks, uncertainties and expenses of continued litigation.  Accordingly, the parties have agreed to settle this lawsuit. Neither Defendant's consent to the entry of this Decree nor any of the terms set forth in it shall constitute or be construed as an admission of any ADA violation.  Both parties agree that this Consent Decree is being entered into for the purpose of compromising disputed claims without the necessity for protracted litigation.

F.     The Commission and Defendant stipulate to the jurisdiction of the Court and the satisfaction of all  administrative prerequisites.  The parties further waive hearing and entry of findings of fact and conclusions of law on all issues.

IT IS ORDERED that:

1.     This Consent Decree is entered in full and complete settlement of any and all claims arising out of or asserted in Civil  Action No. H-00-3390 and the above-referenced Charge on behalf of Lee.

2.     Defendant and all of its employees and/or agents associated with it agree they will not engage in any employment practices which discriminate against any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's disability and will not retaliate against any individual who has opposed any practice made an unlawful employment practice under the ADA or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under the ADA.

3.      Defendant and all of its employees and/or agents associated with them agree that they will not engage in any employment practice which discriminates against applicants, apprentices or employees because of their disability in violation of the ADA.

4.      The JAC agrees to revise its Minimum Physical Requirements for Applicants to the Apprenticeship Program to omit the requirements of hearing and speaking.  The revised minimum physical requirements shall be as shown on attached Exhibit "A".

5.      Before an applicant may be disqualified from consideration as an apprentice in the apprenticeship program for failure to meet the Minimum Physical Requirements for Applicants to the Apprenticeship Program because of a hearing or speaking disability, the JAC agrees that it will conduct an interactive individualized assessment with such applicant to determine whether a reasonable accommodation exists which would permit the applicant to perform the requirements.  The assessment shall identify the precise limitations resulting from the disability and the potential reasonable accommodations that could overcome those limitations.  The

assessment and its results will be retained in the records of the JAC.

6.        Defendant and all of its employees and/or agents associated with them agree that they will not discriminate against any deaf applicant who can meet the minimum physical requirements as shown on Exhibit "A".

7.        The JAC agrees that it withdraws its defense asserting that Lee is a danger to himself or others in the workplace because of his inability to speak or hear.

8.        During the first year of this Decree, the EEOC will provide a program, on employment discrimination, including the law relating to ADA and regarding deaf employees in the workplace to the Training Director for the JAC and committee members and officers of the JAC.  In the event that the Training Director or any of the committee members or officers of the JAC should change during the remaining term of the Decree, the EEOC will provide a subsequent training(s) on the law relating to the ADA and regarding deaf employees in the workplace. Written acknowledgment of receipt of

the training shall be obtained by Defendant from all individuals attending the training and retained among the records of the JAC.

9.        The JAC agrees to notify the local chapter of the National Association of the Deaf and/or other similar organizations whenever it is accepting applications for admission into its apprenticeship program.

10.      The JAC agrees to utilize the technical assistance from the Job Accommodation Network and/or other similar organizations to aid in its identification of equipment which could be utilized in the workplace to warn of potential hazards as an accommodation of a hearing or speaking disability.

11.      Lee will immediately assume the position of classified worker with Gowan, Inc., as that classification of employee is defined in the Collective Bargaining Agreement between the Sheet Metal Workers' Local Union No. 54 and the Houston Sheet Metal Contractors Association Multi-Employer Bargaining Unit.   Lee's status as a classified worker will permit opportunities for wage increases and advancement, including advancement to Journeyman.

Lee, at his option and with the approval of his employer, may enroll in classes at the JAC to increase his wages and/or to achieve the status of Journeyman Sheet Metal Worker. If Lee should enroll in classes at the JAC, the JAC agrees to provide a sign language interpreter for such classes. The specific terms and conditions of Lee's employment as a classified worker are more fully described in a separate agreement between the Commission, Gowan, Inc. and Lee. The parties agree that Lee will not be subjected to an arbitrary termination or layoff. The Sheet Metal Workers' Local Union No. 54 will provide written acknowledgment accepting Lee's employment as a classified worker.

12.     Defendant agrees to pay the total sum of THIRTY THOUSAND AND NO/100 DOLLARS ($30,000.00) in full and final settlement of the EEOC's lawsuit to provide monetary relief to Thumas N. Lee. This monetary award shall be considered compensatory damages. Said sum shall be paid in equal installments of FIFTEEN THOUSAND AND NO/100 DOLLARS ($15,000.00) on or before the following dates: August 31, 2002 and February 28, 2003. The EEOC has

provided to Defendant the address to which each check will be mailed. A copy of the checks disbursed to Lee shall be mailed to the EEOC's undersigned counsel of record. This monetary award shall be paid to Lee without regard to whether Lee continues to be employed by Gowan or any other signatory contractor to the Collective Bargaining Agreement.

13.     The parties agree that this monetary award represents a reasonable settlement of the Commission's claim of compensatory damages under the ADA and are not tied to any claim for back or future wages. They are therefore mutually understood to be payments on account of personal injury for pain and suffering. No amounts will be withheld for taxation purposes against the monetary award. The JAC agrees to issue Internal Revenue Service ("IRS") Form 1099 or an equivalent form to Lee who will have the sole responsibility for paying any federal, state or local taxes, including federal income tax that may be due on the aforementioned monetary award.

14.     In the event that Lee dies prior to the payment of the entire monetary award due under this Decree, the balance of the monetary award shall be paid to Lee's wife, Esther Flores.

15.     This Consent Decree shall be binding on Defendant and all of Defendant's successors-in-interest, and Defendant will notify all such successors-in-interest of the existence and terms of this Consent Decree.

16.     Each party to this action shall bear their own costs and attorney's fees.

17.     This Decree shall remain in effect for three years from the date of entry.  During the period that this Decree shall remain in effect, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be appropriate.  The EEOC is specifically authorized to seek Court-ordered enforcement of this Decree in the event of a breach of any of the provisions herein.

18.     Nothing in this Consent Decree shall be construed to preclude the Commission from filing a separate action under Title VII or any

other statute which the Commission enforces in the future for any alleged violations by Defendant not resolved by this Decree.

19.    Each signatory certifies that he or she is authorized to execute this document on behalf of the party or parties whom he or she represents.

Signed this **27** day of _August_, 2002 at Houston, Texas.

David Hittner
United States District Judge

-10-

AGREED AND CONSENT TO:

EQUAL EMPLOYMENT                          HASMJAC
OPPORTUNITY COMMISSION

By: _____              By: _____
    Kathy D. Boutchee                        Patrick M. Flynn
    Attorney-in-Charge                       Attorney-in-Charge
    SDN: 10145                               TBN: 07199200
    TBN: 02717500                            PATRICK M. FLYNN, P.C.
    Houston District Office                  1330 Post Oak Blvd., # 2995
    1919 Smith St., 7th Floor                Houston, Texas 77056
    Houston, Texas 77002                     (713) 861-6163
    (713) 209-3399                           Fax: (713)222-9114
    Fax: (713) 209-3402

    ATTORNEY FOR PLAINTIFF                   ATTORNEY FOR DEFENDANT

# HOUSTON AREA SHEET METAL JOINT APPRENTICESHIP COMMITTEE MINIMUM PHYSICAL REQUIREMENTS FOR APPLICANTS TO THE APPRENTICESHIP PROGRAM

An applicant to the apprenticeship program must be able to:

1.  CLIMB. Physically climb, stairs, ladders, scaffolds, etc; and work accurately productively and SAFELY at physical elevations above ground or floor level.

2.  STAND. Stand and work accurately, productively and SAFELY on feet for periods sometimes exceeding four (4) hours without rest.

3.  SEE. See adequately enough so that he/she can perform all assigned work accurately, productively and SAFELY so as not to endanger his or herself or persons working nearby.

4.  COMMUNICATE. Communicate adequately ▬▬▬ so that he/she can perform all assigned work accurately, productively and SAFELY so as not to endanger his or herself or persons working nearby.

5.  ADJUST BODY POSITIONS. Work accurately, productively and SAFELY while lying down, bending, standing and kneeling.

6.  ENDURE UNCOMFORTABLE WORKING ENVIRONMENTS. Work accurately, productively and SAFELY in the outdoors and in plants and buildings where the working environment may include exposure to sunlight, heat, cold, rain, wind, dust, dirt and other adverse environmental elements.

7.  LIFT. Lift a minimum of 40 to 50 pounds without mechanical or other assistance.

8.  WORK IN ENCLOSURES. Work accurately, productively and SAFELY in enclosed places (such as inside of housings, duct sections, tanks, vessels, shafts, etc.).

9.  HANDLE STANDARD MATERIALS AND PRODUCTS. Applicants must be able to work with and physically handle, with reasonable safety protection, those products commonly used in the sheet metal trade. These products include, but are not limited to: galvanized metal, fiberglass duct liners and insulation, adhesives, sealants, welding and cutting gases, and paints.

Adopted by Joint Apprenticeship Committee: (date)_____

CHAIRMAN: (signature) _____

SECRETARY: (signature) _____



EXHIBIT

A